**LAND O'PINES DAIRY PRODUCTS,**
**Appellant,**

v.

**Shelton S. McGRAW, Sr., Appellee.**

No. 8073.

Court of Civil Appeals of Texas,
Beaumont.

Feb. 16, 1978.

Clayton E. Dark, Jr., Lufkin, for appellant.

Robert E. Hughes, Buna, for appellee.

DIES, Chief Justice.

Plaintiff below brought suit in Hardin County alleging that Land O'Pines Dairy Products, defendant below, owed him commissions for the sale of defendant's products. Defendant filed a plea of privilege to be sued in Angelina County, which the trial court overruled, and from which defendant perfects this appeal.

Plaintiff was hired in Lufkin, Angelina County, as a route salesman to sell dairy products for the defendant. The contract was oral. The dairy products were trucked from Lufkin to Silsbee (Hardin County) where plaintiff would transfer them to his truck. The commissions allegedly owed by defendant were for sales made to Hardin County customers. Plaintiff's pay for commissions earned was likewise sent on the same truck to Silsbee. These checks were drawn by defendant on the First Bank & Trust Co. of Lufkin, Texas. There was no express agreement where plaintiff was to be paid.

 The only exception of Tex.Rev. Civ.Stat.Ann. art. 1995 (1964) involved is *Section 23:*

"Suits against a private corporation . . may be brought in the county . . . in which the cause of action or part thereof arose . . . ."

Plaintiff argues that the cause of action or a part thereof arose in Hardin County because the commissions due him were for sales made in Hardin County. We disagree. When a contract requiring payment of money is silent as to the place of payment, it is regarded as payable at the domicile of the payor, in this case Angelina County. *International Security Life Insurance Co. v. Robichau,* 490 S.W.2d 871, 873 (Tex.Civ. App.—Beaumont 1973, no writ); *Little v. Perry,* 410 S.W.2d 286 (Tex.Civ.App.—Dallas 1966), reversed on other grounds, 419 S.W.2d 198 (Tex.1967). In *Tanenbaum Textile Co. v. Sidran,* 423 S.W.2d 635 (Tex.Civ. App.—Dallas 1967, writ ref'd n. r. e.), the action was by a salesman against the manufacturer for sales commissions, and the court at 638 said " . . . and in the absence of a provision designating the place of payment the law makes the place of

payment the domicile of the payor." (citing authorities) See *Texas Farm Bureau Cotton Ass'n v. Stovall,* 113 Tex. 273, 253 S.W. 1101, 1106–1107 (1923).

The fact that plaintiff alleges the commissions were earned in Hardin County is not determinative because "Subdivision 23 of Article 1995 V.T.C.S., expressly limits venue to the county where the cause of action or a part thereof arose; it does not establish venue in a county where the plaintiff maintains its operations or where evidentiary matters transpired." *Payne & Keller, Inc. v. Southwest Tank & Treater Co.,* 491 S.W.2d 464, 467 (Tex.Civ.App.— Tyler 1973, no writ). See also *Pesek v. Murrel's Welding Works, Inc.,* 558 S.W.2d 39, 44 (Tex.Civ.App.—San Antonio 1977, writ filed).

The order of the trial court overruling appellant's plea of privilege is reversed, and the cause is transferred to one of the District Courts of Angelina County for trial.

REVERSED and REMANDED.