**MAIN BANK & TRUST, Appellant,**

v.

**Stephen A. NYE, Appellee.**

**No. 6723.**

Court of Civil Appeals of Texas, El Paso.

Sept. 6, 1978.

Appellant's and Appellee's Motions for Rehearing Denied Oct. 11, 1978.

Law Offices of John M. Killian, John M. Killian, San Antonio, for appellant.

Akin, Gump, Hauer & Feld, Lee M. Simpson, Dallas, for appellee.

## OPINION

PRESLAR, Chief Judge.

Plaintiff below appeals from an order which sustained the objection of the Defendant to the jurisdiction of the Court under the provisions of Texas Rules of Civil Procedure 120a. We reverse.

Appellant as Plaintiff brought this suit on promissory note against Stephen A. Nye, the maker of the note, and Independence Drilling Corporation. Following a hearing on Appellee's special appearance, the trial Court granted Appellant's motion to sever the cause of action against Independence Drilling Corporation and sustained Appellee's contest of the jurisdiction for lack of in personam jurisdiction. At the hearing, the only evidence presented was the testimony of one Conrad Temp and the introduction of an affidavit by Appellee, Stephen Nye. We hold that the affidavit is not admissible in evidence and, without it, the testimony of Mr. Temp is insufficient to sustain the trial Court's findings of no personal jurisdiction.

Our research has disclosed no case directly in point on the admissibility of the affidavit at the hearing on the special appearance under Rule 120a. However, it is a well established rule that an ex parte affidavit denying the opposing party the right to cross-examine ranks with hearsay on the scale of evidence. *Weart v. Mahone,* 176 S.W.2d 197 (Tex.Civ.App.—Galveston 1943, no writ); *Archie v. Knox,* 224 S.W.2d 504 (Tex.Civ.App.—Austin 1949, writ ref'd n. r. e.); *James v. Eagle Rock Ranch,* 304 S.W.2d 471 (Tex.Civ.App.—Austin 1957, no writ); and 1 C. McCormick & R. Ray, Texas Evidence Sec. 787 (2d ed. 1956). Professor McDonald, in his 1970 revised version of 2 Texas Civil Practice (Section 9.05.3), said: "A strong argument could be made for dividing the questions into two stages: initially, to require the defendant to establish circumstances which, unless avoided, would render the purported service subject to attack; then, given such a situation, to require the plaintiff to establish the circumstances which render the defendant amenable to the service made." He further suggests that the sworn motion filed on the special appearance normally would set forth the propositions basic to the defendant's contentions, and he poses the question that, unless properly contested, should not such a sworn motion constitute prima facie, a showing of the verity of the facts stated under oath? The proposal has merit and, after all, the situation of the defendant in a special appearance is not too different from that of a defendant filing a plea of privi-

lege which, under our rules, is prima facie, the right to have the venue sustained. This is a matter for the Legislature or the Supreme Court under its rule making powers. For the law as it stands now is that the burden is upon the defendant filing the special appearance under Rule 120a to produce evidence to show the lack of amenability to the long arm process. *Roquemore v. Roquemore,* 431 S.W.2d 595, Tex.Civ.App., no writ; *Gathers v. Walpace Company, Inc.,* 544 S.W.2d 169 (Tex.Civ.App.—Beaumont 1976, writ ref'd n. r. e.); *Law, Snakard, Brown & Gambill v. Brunette,* 509 S.W.2d 671 (Tex.Civ.App.—Beaumont 1974, writ ref'd n. r. e.); Thode, Special Appearance, 42 Tex.L.Rev. 279 (1964).

 As indicated, we are of the opinion that, in the case before us, without the affidavit there is no evidence to sustain the trial Court's findings of fact as to several necessary elements of Defendant's position. Hearsay evidence is no evidence at all and will not support a judgment. *James v. Eagle Rock Ranch,* supra. Appellee has not met his burden and the judgment must be reversed.

 We are further of the opinion that in the interest of justice the case should be remanded for a new trial on the personal jurisdiction issue. This, for the reason that it appears that the case has not been fully developed and it is apparent that not all of the available evidence has been adduced. The error in this case resulted from the mistaken belief of the Appellee, shared by the trial Court, that affidavit evidence constituted competent evidence at a hearing on special appearance. Under such circumstances, it appears that remand is proper. *Otten v. Snowden,* 550 S.W.2d 758 (Tex.Civ. App.—San Antonio 1977, no writ).

The judgment of the trial Court is reversed and the cause is remanded for trial on the personal jurisdiction issue.