William E. READ and Carl Wortz, III, Appellants,

v.

Victor L. CARY, Appellee.

No. 20552.

Court of Civil Appeals of Texas, Dallas.

April 7, 1981.

Rehearing Denied May 8, 1981.

B. Thomas McElroy, McElroy & Boyd, Dallas, for appellants.

Werner A. Powers, Coke & Coke, Dallas, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

ROBERTSON, Justice.

This is an appeal from the trial court's order dismissing the action for lack of in personam jurisdiction. Plaintiffs Read and Wortz sued defendant Cary, a resident of Arkansas, for damages or rescission of a contract to sell stock, alleging that through a continuing course of conduct, representations, and promises, defendant fraudulently induced them to sell their stock in the Wortz Company to him. Pursuant to rule 120a of the Texas Rules of Civil Procedure,

defendant entered a special appearance to contest the jurisdiction of the Texas courts over his person. The trial court found it lacked jurisdiction over defendant and dismissed the action. We reverse and remand.

Prior to 1971, Wortz was president of the Wortz Company and owner of all the issued and outstanding common stock of the company. The company encountered financial difficulties and, in 1971, Wortz contacted Read, who operated a brokerage company in Dallas, Texas that was in the business of giving financial advice to troubled corporations. Cary was an employee of Read at the time Wortz contacted Read. Since Wortz lacked financial resources to pay cash for the assistance of Read and Cary, it was agreed that he, Read and Cary would each own one-third of the outstanding capital stock of the Wortz Company and that Cary would become president of the Wortz Company.

Subsequent to the dealings of the parties in 1971, Cary moved to Arkansas where he has resided since that time. During 1972, an offer was communicated to Wortz and Read in Dallas by Herb Rule, who was an agent for an undisclosed principal, to buy all of the outstanding capital stock of the Wortz Company. Cary represented to Wortz and Read that he had received a similar offer and intended to sell his stock to the undisclosed principal. Wortz and Read went to Arkansas and sold their stock in the Wortz Company to the undisclosed principal through the agent Rule. Wortz and Read contend that Cary was the undisclosed principal and that he procured their stock through fraud.

Wortz and Read assert that the jurisdiction of the Texas court is sustainable under the provisions of Tex.Rev.Civ.Stat.Ann. art. 2031b (Vernon 1964 and Supp.1980) and Tex.R.Civ.P. 108 and service was perfected under both provisions. Cary responds that the cause of action asserted by Wortz and Read arises out of neither a contract to be performed in whole or in part in Texas nor a tort committed in whole or in part in Texas and thus, jurisdiction may not be sustained under article 2031b. Cary also contends that the assertion of jurisdiction over his person by the Texas courts offends due process and thus, rule 108 may not be used to sustain jurisdiction. We hold that the cause of action asserted by Wortz and Read arises out of a tort committed in whole or in part in Texas and that the assertion of jurisdiction over defendant by the courts of Texas does not offend due process. In this respect, section 27.01 of the Texas Business and Commerce Code states in part:

(a) Fraud in a transaction involving ... stock in a corporation ... consists of a

(1) false representation of a past or existing material fact, when the false representation is

(A) made to a person for purpose of inducing that person to enter into a contract; and

(B) relied on by that person in entering into that contract;

Tex.Bus. & Com.Code Ann. § 27.01 (Vernon 1968).

Wortz and Read asserted in their petition that they were induced to sell their stock in the Wortz Company based upon false representations of material facts made by defendant regarding the financial condition of the company. The representations were communicated to Wortz and Read in Texas by telephone and correspondence from Cary and allegedly were relied upon by Wortz and Read in entering into the contract to sell their stock. Wortz and Read alleged that Cary falsely represented his intention to sell his stock and his knowledge regarding the identity of the party making the offer to buy. It was the burden of Wortz and Read to make sufficient allegations to bring Cary within the provisions of article 2031b, *McKanna v. Edgar*, 388 S.W.2d 927 (Tex.1965), and we hold the allegations in their petition showing a continuous course of conduct by Cary are sufficient to state a cause of action for stock fraud and thus, are sufficient to bring Cary within the provision of article 2031b regarding the commission of a tort in whole or in part in Texas. Regardless of Cary's location at the time he made the representa-

tions, they were relied upon in Texas, and communicated to Read and Wortz in Texas, and that is sufficient to come within the provisions of article 2031b. *Hoppenfeld v. Crook*, 498 S.W.2d 52 (Tex.Civ.App.—Austin, 1973, writ ref'd n. r. e.).

Since Wortz and Read alleged facts sufficient to bring Cary within the provisions of article 2031b, it became Cary's burden upon filing a special appearance under rule 120a to produce evidence to show lack of amenability to long-arm process. *Quiroz v. McNamara*, 585 S.W.2d 859 (Tex. Civ.App.—Tyler 1979, no writ); *Miller v. Miller*, 575 S.W.2d 594 (Tex.Civ.App.—El Paso 1978, no writ); *Gathers v. Walpace Company, Inc.*, 544 S.W.2d 169 (Tex.Civ. App.—Beaumont 1976, writ ref'd n. r. e.); *Hoppenfeld v. Crook, supra.* The only evidence in the record regarding Cary's representations tends to show that the representations were relied upon by Wortz and Read in Texas. There is no evidence that suggests Cary did not commit, in Texas, the tort of fraud in a transaction involving stock in a corporation. Thus, Cary failed to meet his burden of showing lack of amenability to long-arm process and the trial court erred in sustaining his contest to the jurisdiction of the court.

Cary next argues that even if his activities bring him within the literal reach of article 2031b, his contacts with Texas fall short of the requirements of due process imposed by the Fourteenth Amendment. We do not agree. In *U-Anchor Advertising, Inc. v. Burt*, 553 S.W.2d 760 (Tex.1977), our supreme court reiterated the three basic elements it had recognized in *O'Brien v. Lanpar Co.*, 399 S.W.2d 340 (Tex.1966) as necessary to sustain jurisdiction over a nonresident. Those elements are: (1) the nonresident defendant must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation. Each of these three elements is satisfied in the case before us.

Cary's contacts with Texas were neither minimal nor fortuitous and were apparently designed to result in some economic benefit to him. Based on the facts, as outlined above, we cannot say that Cary was a passive actor who neither sought, initiated, nor profited from his contact with Texas. It is evident that the cause of action asserted by Wortz and Read against Cary arises from, or is connected with, his purposeful act of making representations in Texas.

Furthermore, in the instant case the exercise of jurisdiction by Texas courts will not offend traditional notions of fair play and substantial justice. The record before us reveals a continuing course of conduct *in Texas*, and continuing contacts with Texas, beginning with Cary's employment in Texas by Read, for the benefit of Wortz, and culminating with representations made by Cary that were relied upon in Texas. Since Cary, by his representations and other conduct, has purposefully availed himself of the privilege of conducting activities within Texas, he has invoked the benefits and protections of the laws of Texas and thus, due process is not violated by the assertion of jurisdiction over him by the Texas courts. *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

The supplemental brief filed by Cary in this court attempts to distinguish this court's recent decision in *Wright Waterproofing Co. v. Applied Polymers of America*, 602 S.W.2d 67 (Tex.Civ.App.—Dallas 1980, writ ref'd n. r. e. at 608 S.W.2d 164 (Tex.1980) in which it was held the defendant had sufficient contacts with Texas so that assertion of jurisdiction over it did not violate due process. The supreme court, in refusing the application for writ of error, no reversible error, agreed with that holding. *Applied Polymers of America v. Wright Waterproofing Co.*, 608 S.W.2d 164

**300**

(Tex.1980). In his brief Cary states: "Had Mr. Cary visited Texas, or had he communicated with the plaintiffs [Wortz and Read] in Texas by telephone or through correspondence, and had that communication or visit been in some way related to, or even shortly preceded the sale of the plaintiffs' stock, then *Applied Polymers* would be on point." We agree. At the hearing on Cary's special appearance both Wortz and Read testified that there had been communications from Cary to them while they were in Texas which related to the sale of their stock in the Wortz Company. We hold that Cary had sufficient contacts with Texas to submit him to Texas jurisdiction.

Reversed and remanded.