**CARBONIT HOUSTON, INC., Appellant,**

v.

**EXCHANGE BANK, et al., Appellees.**

No. A2744.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 7, 1982.

Rehearing Denied Jan. 28, 1982.

L. T. Bradt, Minns, Izen, Bradt & Associates, Houston, for appellant.

James A. Knox, James L. Deem, Paul D. Schoonover, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellees.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

Appellant, Carbonit Houston, Inc., plaintiff in the court below, appeals from an order sustaining the first amended special appearance motion filed by each of the defendants, appellees herein, and dismissing plaintiff's case. We reverse and remand for a new hearing on the special appearance motion.

Carbonit filed suit to recover on a letter of guaranty which was purportedly issued by Exchange Bank and delivered to Carbonit in connection with a contract between Carbonit and Southern Cross Petroleum Corp. for the purchase of 900,000 barrels of Nigerian crude oil. A representative of Southern Cross delivered Exchange Bank's letter of guaranty to Carbonit. Southern Cross did not deliver the oil, and Carbonit made demand under the letter of guaranty on Exchange Bank and Peter Burchette, who had signed the letter as vice-president. Said demand went unanswered; and Carbonit filed suit in the District Court of Fort Bend County, Texas,· against appellees, alleging jurisdiction under Tex.Rev.Civ. Stat.Ann. art. 2031b (Vernon Supp.1980–81). Process was served on the Secretary of State of Texas.

Appellees filed a special appearance motion under Tex.R.Civ.P. 120a, challenging the jurisdiction of the Texas court over the persons or property of appellees on the grounds that appellees are non-residents of Texas and do not have those minimum contacts with the State of Texas that will constitutionally support jurisdiction over them. The special appearance motion was not verified and, thus, did not comply with the requirements of Rule 120a. However, before a hearing was held on that motion, appellees filed a properly verified amended special appearance which was subsequently granted following a hearing.

In its first point of error appellant contends that appellees made a general appearance by first filing an unverified special appearance. Appellant argues that the instant case is controlled by that part of Rule 120a which specifically states that "Every appearance, prior to judgment, not in compliance with this rule is a general appearance." Before January 1, 1976, Rule 120a contained no provision allowing amendments; however, on that date the rule was amended so as to read, in pertinent part, as follows:

. . . special appearance shall be made by sworn motion filed prior to plea of privilege or any other plea, pleading or motion; provided, however, that a plea of privilege and any other plea, pleading or motion may be contained in the same instrument or filed subsequently thereto without waiver of such special appearance; *and may be amended to cure defects.* (Emphasis added.)

Appellant argues that the amended Rule does not permit an amendment of the special appearance motion to cure defect but only allows amendments of pleas of privilege or any other plea, pleading or motion filed subject to the special appearance motion. Appellant contends that certain rules relating to the construction and interpretation of statutes apply to the Rules of Civil Procedure and require this Court to sustain appellant's position on this point. We disagree. Rule 120a provides procedures relating only to special appearance motions, and it is clear to us that the addition by amendment of the clause "and may be amended to cure defects" was intended to permit amendments of the special appearance motion to cure defects. Appellant concedes that the cases of *Dennett v. First Continental Investment Corp.*, 559 S.W.2d 384 (Tex. Civ.App.—Dallas 1977, no writ), and *Stegall & Stegall v. Cohn*, 592 S.W.2d 427 (Tex.Civ. App.—Ft. Worth 1979, no writ), both hold that a special appearance motion may be amended to cure defects but claims such cases are wrong. We think they are right and we follow them. We overrule appellant's first point of error.

In several points of error appellant complains that the court below erred in sustaining the special appearance motion of appellees on the basis of evidence introduced

during the hearing of that motion. It contends that the court erred in finding that the letter of guaranty made the basis of the suit does not call for or require any performance in Texas and that the plaintiff did not rely to its detriment on the representations made in said letter. Other points complain of trial court errors in finding and/or concluding that no defendant committed any tort in Texas, did business in Texas, did any purposeful act in Texas or had minimum contacts sufficient to permit in personam jurisdiction.

Although the points of error should have been more precisely stated, we will consider them as challenges to the sufficiency of the evidence to support the trial court's findings and conclusions. For the reasons set forth hereinbelow we hold the evidence insufficient to support the finding and/or conclusion that no defendant committed any tort in Texas.

At the hearing of the special appearance motion the only evidence offered was the testimony of Theodore G. Russell, vice-president of Carbonit, certain written instruments (including a copy of the letter of guaranty), requests for admissions directed to the individual defendants and their answers thereto and requests for admissions directed to Exchange Bank and the court's order deeming said requests admitted.

█ Upon entering a special appearance under Tex.R.Civ.P. 120a appellees had the burden of proof to show lack of amenability to long-arm process. *Read v. Cary,* 615 S.W.2d 296 (Tex.Civ.App.—Dallas 1981, writ ref'd n. r. e.); *Brown v. Brown,* 520 S.W.2d 571 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); *Hoppenfeld v. Crook,* 498 S.W.2d 52 (Tex.Civ.App.—Austin 1973, writ ref'd n. r. e.). Although the Texas cases uniformly so hold, on the hearing of the special appearance motion in the instant case only the appellant offered any evidence whatsoever, except for the testimony of the witness Russell on cross-examination by appellees' attorney. Nevertheless, it is the duty of this court to review all of the evidence before the trial court on the question of jurisdiction. *Id.* at 55.

█ It is important to note that when an answering party denies or refuses to make an admission of fact, such refusal is not evidence of any fact except the fact of such refusal. *Halbert v. Sylvestine,* 292 S.W.2d 135 (Tex.Civ.App.—Beaumont 1956, no writ). Furthermore, any answer to a request for admissions which volunteers an unresponsive explanation constitutes surplusage and is not evidence binding on the requesting party. *Id.; Mosby v. Texas & P. Ry. Co.,* 191 S.W.2d 55, 58 (Tex.Civ.App.—El Paso 1945, writ ref'd w. o. m.). In addition, one defendant's admissions are not legally admissible against any other defendant. *Bryant v. Kimmons,* 430 S.W.2d 73, 76 (Tex.Civ.App.—Austin 1968, no writ).

█ At the special appearance hearing below there was offered into evidence many requests for admissions and the defendants' denials thereof and also many unresponsive answers to requests for admissions. Under the authorities cited above we will not consider any of such denials or unresponsive answers in the following summary of the evidence.

Identical requests for admissions were submitted to all individual defendants, all of whom filed identical responses thereto. Such admissions establish only the following: Exchange Bank is a private bank that exists in and operates under the laws of the State of Iowa and has its principal place of business in Iowa; Exhibit A (the alleged letter of guaranty) is a true and correct copy of the original and bears the signature of Peter Burchette; Carbonit Houston, Inc., is a Texas corporation with offices in Houston, Texas; no revocation of Exhibit A was communicated by any defendant to plaintiff; and no response was ever made by any defendant to plaintiff's demand for payment.

The relevant testimony of Theodore G. Russell, vice-president of Carbonit, is as follows: representatives of Southern Cross and Carbonit met in Houston to negotiate a contract for the purchase of crude oil; at Carbonit's instance Southern Cross assured plaintiff that a performance bond would be provided; Exchange Bank's letter of guaranty was addressed on its face to Carbonit in Houston, Texas, and was delivered to Carbonit in Houston, Texas; Carbonit re-

lied on Exchange Bank's letter of guaranty by not diverting the ship which Carbonit had chartered and dispatched to pick up the crude oil; Carbonit understood that the bond or guaranty to be provided would be payable in Houston, Texas.

Before the special appearance hearing Carbonit had filed requests for admissions directed to defendant Exchange Bank. These requests were identical to those directed to the individual defendants. On Exchange Bank's failure to make any response thereto, the court signed an order deeming all except two of such requests admitted by defendant Exchange Bank. The record before this court shows that such order was in effect when the special appearance motion was heard and when the court signed the order dismissing the case although certain actions of the trial court taken after the case was dismissed evidence an intention on the part of the trial court to disregard the prior order deeming the requests admitted. As to Exchange Bank we consider as evidence all of the requests that were deemed admitted by said court order. Such evidence is as follows: Exchange Bank is a partnership; at the time the letter of guaranty was issued all defendants expected the instrument would be delivered to and relied on by Carbonit; the guaranty was delivered to Carbonit at its office in Houston, Texas, and Carbonit acted and changed its position in reliance on the guaranty; Carbonit made demand on Exchange Bank and Peter Burchette for payment under the guaranty; Exchange Bank expected the guaranty would be delivered to Carbonit at its office in Houston, Texas; all of Carbonit's actions with regard to the guaranty have taken place in Texas; and Peter Burchette had the authority to cause the guaranty to be issued as the act and deed of Exchange Bank.

Following is a copy of the letter of guaranty introduced into evidence at the special appearance hearing:

EDWARD BURCHETTE
PRESIDENT
DUFF WEEDE
EXECUTIVE
VICE PRESIDENT
PETER BURCHETTE
VICE PRESIDENT
& CASHIER
INEZ SCOTT
ASSISTANT
CASHIER

EXCHANGE BANK
DAVIS COUNTY'S OLDEST
BUSINESS HOUSE
BLOOMFIELD, IOWA 52537

September 17, 1978

Carbonit Houston, Inc.
2190 North Loop West
Houston, Texas 77018
ATTN: Mr. Richard W. Johnson

This is to advise you that Southern Cross Petroleum Corporation has the financial capability and is ready, willing and able to provide a guarantee in the amount of $100,000.00 to you through this bank for the delivery of 900,000 barrels of Bonny Light crude petroleum from Nigeria. Said crude to be loaded into a tanker nominated by you for a lifting date of on or about September 24, 1978. Firm lifting date to be established upon approval of the nominated tanker by the Nigerian government.

Should Sould [sic] the crude petroleum not be made available for loading in the nominated tanker when the lifting date is approved by the Nigerian government, the amount of $100,000.00 will be paid to Carbonit by this bank against the Southern Cross Petroleum Corporation account. This guarantee is always subject to delays or failures to load due to acts of God and/or force majuere [sic].

PETER BURCHETTE
Vice President
(signed Peter Burchette)

Carbonit had the initial burden to make sufficient allegations to bring defendants within the provisions of article 2031b. *McKanna v. Edgar*, 388 S.W.2d 927 (Tex. 1965); *Arterbury v. American Bank & Trust Co.*, 553 S.W.2d 943 (Tex.Civ.App.— Texarkana 1977, no writ); *Read v. Cary*, 615 S.W.2d 296. In its second amended petition Carbonit alleged that all defendants had engaged in business in this State

by entering into a contract by mail or otherwise with plaintiff, a resident of Texas, which contract was to be performed in whole or in part by either party within the State of Texas. In the same pleading Carbonit alleged that defendants had committed a tort in whole or in part in this State in that they had issued a letter of guaranty, caused it to be transmitted to Southern Cross, expected Southern Cross to deliver it to Carbonit, expected Carbonit to rely on it, intended to not honor the guaranty and thus intended to defraud Carbonit. In our opinion these allegations were sufficient to bring defendants within the provisions of article 2031b.

Upon entering a special appearance under Tex.R.Civ.P. 120a appellees had the burden of proof of lack of amenability to long-arm process under article 2031b. *Read v. Cary*, 615 S.W.2d at 299; *Brown v. Brown*, 520 S.W.2d 571; *Hoppenfeld v. Crook*, 498 S.W.2d 52.

■■■■ As to plaintiff's allegations that defendants had entered into a contract which was to be performed in whole or in part by either party within the State, we hold that defendants sustained the burden of proving lack of amenability of long-arm process. The evidence admitted at the special appearance hearing shows conclusively that the letter of guaranty, the alleged contract sued upon, was not to be performed in Texas. The letter of guaranty did not call for any performance by Carbonit. Carbonit's only contractual performance was that called for by its contract with Southern Cross. Defendants were not parties to that contract, and that contract is not the one sued upon herein. The only performance called for by the letter of guaranty was the payment to be made to Carbonit. Carbonit argues that the letter of guaranty requires such payment to be made to Carbonit at its offices in Houston, Texas. We disagree. The letter of guaranty says nothing about the place of payment. In a contract requiring the payment of money the place of payment is ordinarily regarded to be the domicile of the payor, if the contract says nothing about the place of payment. *Land O'Pines Dairy Products v.*

*McGraw*, 564 S.W.2d 120 (Tex.Civ.App.—Beaumont 1978, no writ); *Texas Gas Products Corp. v. Rowan*, 317 S.W.2d 815 (Tex. Civ.App.—Ft. Worth 1958, writ dism'd w. o. j.); 13 Tex.Jur.2d *Contracts* § 298. The fact that the letter of guaranty was addressed to Carbonit and Carbonit's mailing address in Texas was stated in the beginning of the letter does not fix the place of payment at Carbonit's offices in Texas. *Johnston v. Personius*, 242 S.W.2d 471 (Tex. Civ.App.—San Antonio 1951, no writ); 13 Tex.Jur.2d *Contracts* § 298.

■■■ As to plaintiff's allegation that defendants had committed a tort in whole or in part in the State of Texas, we hold that defendants failed to sustain their burden of proving lack of amenability to long-arm process and that the evidence is insufficient to support the trial court's findings and conclusions in that regard. The trial court found and/or concluded that none of the defendants committed any tort in whole or in part in this State or purposefully did any act or consummated any transaction in this State. None of the individual defendants testified at the hearing on the special appearance motion. All of the evidence properly admitted at the hearing is summarized above. Such evidence does not include any proof that the defendants' alleged acts complained of by plaintiff did not occur in Texas. There is no proof that the letter of guaranty was not brought by defendants personally to Texas and here delivered to a representative of Southern Cross with the request that it be delivered to Carbonit. The evidence therefore is insufficient to support the trial court's findings and conclusions that defendants committed no tort in whole or in part in Texas. This requires us to reverse the trial court's order sustaining the special appearance motion and dismissing the case against all defendants. However, we are of the opinion that in the interest of justice the case should be remanded for a new trial of the special appearance motion. *Main Bank & Trust v. Nye*, 571 S.W.2d 222 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.). A retrial on the personal jurisdiction issue will afford the trial court ample opportunity in ad-

vance of such retrial to determine whether the order deeming the requests for admissions admitted as to Exchange Bank is to remain in effect or be set aside and to give all parties ample time thereafter to prepare for such retrial. Also a retrial will undoubtedly eliminate the confusion and apparent uncertainty concerning the burden of proof and the inadmissibility of denials and unresponsive answers to requests for admissions.

The judgment of the trial court is reversed and the cause is remanded for new trial on the personal jurisdiction issue raised in the special appearance motion of all defendants.

J. CURTISS BROWN, Chief Justice, dissenting.

I respectfully dissent.

I agree with much of what is said in the well reasoned opinion of the majority except that in my view the guaranty of September 17, 1978 providing that the "amount of $100,000.00 will be paid *to Carbonit* by this bank" addressed to Carbonit in Houston, Texas was and should be a sufficient promise of payment in Texas for jurisdictional purposes. I do not believe that the authorities cited relative to place of payment compel a contrary conclusion. The voluntary agreement is sufficient to subject appellee to suit in Texas on behalf of the Texas promisee. Therefore, I would reverse the judgment of the trial court, render judgment overruling the special appearance and remand the case for trial on the merits.