**C.W. BROWN MACHINE SHOP, INC., Appellant,**

v.

**STANLEY MACHINERY CORPORATION, Appellee.**

No. 2–83–157–CV.

Court of Appeals of Texas, Fort Worth.

May 24, 1984.

Barry L. Macha, Wichita Falls, for appellant.

Charles B. Russell, Wichita Falls, for appellee.

Before FENDER, C.J., and HUGHES and SPURLOCK, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from the trial court's order dismissing the cause of action of the appellant, C.W. Brown Machine Shop, Inc., for want of jurisdiction.

We affirm.

■ The sole question on appeal is whether the trial court erred in dismissing appellant's cause of action for want of jurisdiction. In the instant case, a review of the record reveals that no findings of fact or conclusions of law were requested or filed with this court. Case law dictates that where no findings of fact or conclusions of law are filed, the judgment of the trial court must be affirmed if it can be upheld on *any* legal theory that finds support in the evidence. *Lassiter v. Bliss*, 559 S.W.2d 353, 358 (Tex.1977); *Seaman v. Seaman*, 425 S.W.2d 339, 341 (Tex.1968).

A review of the record reveals the following facts which are necessary to our determination of the issue presented.

The appellant is a Texas corporation. The appellee, Stanley Machinery Corporation, is a foreign corporation chartered in the State of Massachusetts. Appellee's principal place of business is at 44 Ramah Circle North, Agawam, Massachusetts. Appellee has no other place of business and has never registered with the Secretary of State to do business in the State of Texas.

Appellee has no registered agent in the State of Texas for the purpose of service of process, has no employees in Texas, and has never entered into a joint venture in Texas. Appellee is in the business of buying and selling used machinery and advertises in two national magazines, *Used Equipment Directory* and the *Locator*, both of which are published in New Jersey. Both of these magazines are circulated nationally to dealers and subscribers by the publishers. Appellee has no contact by direct mailing to dealers in Texas, and has not used local, regional or state advertising media to sell its product.

In June of 1981, the appellant, after reading an ad in *Used Equipment Directory*, contacted appellee by phone in Massachusetts concerning the machine which is the subject of this suit. Appellant inquired as to the condition of the machine and requested pictures of it, which are part of this record. The appellant went to Massachusetts and inspected and tested the machine in appellee's warehouse. Appellant then purchased the machine for $60,000 in "as is" condition. Appellee paid freight charges for shipment to Texas, and a Texas bank wired the purchase price to the appellee in Massachusetts.

When the machine was shipped to appellant it was discovered that its table was frozen, and appellant had to have the machine repaired. Appellant subsequently filed suit, alleging various causes of action including misrepresentation, breach of warranty, negligence, and a violation of the Texas Deceptive Trade Practices-Consumer Protection Act, TEX.BUS. & COM.CODE ANN. sec. 17.41 *et seq.* (Vernon Supp. 1984). Process was served on the Texas Secretary of State as the presumed agent of appellee pursuant to the Texas long-arm statute, TEX.REV.CIV.STAT.ANN. art. 2031b (Vernon 1964 & Supp. 1984). Citation was received by appellee by certified mail in Massachusetts. Appellee entered a special appearance pursuant to TEX.R. CIV.P. 120a objecting to the jurisdiction of

the court over appellee on the ground that appellee is not amenable to process issued by the courts of this state. After holding a hearing, the court dismissed the cause of action for want of jurisdiction.

■ TEX.R.CIV.P. 120a governs special appearances. The purpose of the rule is to allow a defendant to make a special appearance in a cause in order to attack the court's jurisdiction over his person without subjecting himself to the jurisdiction of the court generally. *Cuellar v. Cuellar,* 406 S.W.2d 510 (Tex.Civ.App.—Corpus Christi 1966, no writ). Before jurisdiction can be asserted over a nonresident defendant, due process requires (1) that the nonresident purposely do some act or consummate some transaction in the forum state, (2) that the cause of action arise from, or be connected with, such act or transaction, and (3) that the assumption of jurisdiction by the forum state does not offend traditional notions of fair play and substantial justice. *Hall v. Helicopteros Nacionales De Columbia,* 638 S.W.2d 870 (Tex.1982). The Texas long-arm statute requires that in the interest of notions of fair play and substantial justice, consideration must be given to the quality, nature, and extent of the activity in Texas and the benefits and protection of the laws of Texas afforded to the defendant. The burden of proof is upon the defendant filing a special appearance to show that it is not subject to the long-arm process. *Main Bank & Trust v. Nye,* 571 S.W.2d 222 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.); *Gathers v. Walpace Co., Inc.,* 544 S.W.2d 169 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.).

■ The federal courts have similarly addressed the question of due process in *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) and *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and have made it clear that coupled with due process is the theory of minimum contacts

in order to assert jurisdiction over a nonresident defendant. Appellant asserts that the mere fact that appellee advertised in national publications is sufficient to satisfy "minimum contacts." We disagree.

*Loumar v. Smith,* 698 F.2d 759 (5th Cir.1983) is strikingly similar to the case at bar. In *Loumar,* a Texas corporation, which engaged in the sale of aircraft parts to federal agencies, ordered parts from a nonresident corporation. The bulk of the transaction was consummated by phone and the goods were shipped FOB Massachusetts by the nonresident corporation to Texas. The Texas corporation in turn paid part of the shipping cost and arranged payment in the nonresident's state. The nonresident advertised in nationally circulated publications that were circulated in the nonresident's state. In affirming the dismissal of the cause for lack of jurisdiction, the court held that "advertising in nationally circulated trade publications may be sufficient to constitute a 'purposeful availment' of the facilities of a state in which the publication circulates." However, citing *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), the court pointed out that it has not been held that advertising reasonably calculated to reach the state would not, without more, permit assertion of personal jurisdiction over the advertiser. The court in *Loumar* agreed with the Texas Supreme Court's holding in *Siskind v. Villa Foundation for Education, Inc.,* 642 S.W.2d 434 (Tex.1982) that assertion of *in personam* jurisdiction over a non-resident defendant which advertised in national publications circulated in Texas and in Texas telephone directories does not offend the due process clause. *Siskind, supra,* however, can be distinguished from the case at bar in that there is no evidence that the appellee herein advertised in Texas telephone directories or in local publications.

This Court finds pursuant to TEX.REV. CIV.STAT.ANN. art. 2031b that there is sufficient evidence that appellee was not

doing business in Texas, did not consummate the complained-of transaction in Texas, that the cause of action did not arise from some act or transaction in Texas, and that the assumption of jurisdiction over the appellee would offend the notions of fair play and substantial justice. It would be manifestly unjust to force the appellee to be subject to the jurisdiction of this court and to come to Texas to litigate under the facts presented. Thus, we hold that the appellee met its burden of proof that it is not subject to the long-arm jurisdiction of the court, and point of error one is overruled.

The judgment is affirmed.