ELECTRONIC DATA SYSTEMS
CORPORATION, Appellant,

v.

Cheryl L. HANSON, Appellee.

No. 05–89–01320–CV.

Court of Appeals of Texas,
Dallas.

May 29, 1990.

Walter J. Scott, Jr., David C. Kent, Hughes & Luce, Dallas, for appellant.

---

Charles Beachley, III, Carrollton, for appellee.

Before HOWELL, BAKER and THOMAS, JJ.

## OPINION

BAKER, Justice.

Electronic Data Systems Corporation appeals from the trial court's dismissal of its suit against Cheryl L. Hanson for lack of in personam jurisdiction. In five points of error, EDS asserts that the trial court erred in dismissing the action because there is no evidence or insufficient evidence to support the ruling. We agree. We reverse the trial court's order of dismissal, render judgment denying Hanson's special appearance, and remand the cause for a trial on the merits.

EDS sued Hanson, a resident of North Carolina, on a promissory note, alleging that Hanson promised to pay it $9,000 at its offices in Dallas, Texas. In its first amended original petition, EDS alleged that Hanson had purposely engaged in business in the State of Texas by entering into the promissory note with a Texas resident which was to be performed in whole or in part in Texas. EDS further alleged that its claim against Hanson arose in whole or in part out of her having previously transacted business in Texas. EDS caused service of process to be served upon Hanson by serving duplicate copies on the Texas Secretary of State for transmittal by the Secretary of State to Hanson at her residence in Raleigh, North Carolina. *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 17.042, 17.044 (Vernon 1986).[1]

Hanson responded with a special appearance pursuant to rule 120a of the Texas Rules of Civil Procedure. She alleged that she signed the note upon which EDS sued in Michigan. She alleged that although she was present in Texas in connection with the transaction sued upon and had resided in the City of Dallas, her residence was in Denton County, not Dallas County. Hanson did not allege in her special appearance that she was not amenable to process issued by the State of Texas but asserted that EDS's attempt to sue her in Dallas County, Texas, was offensive to "traditional notions of fair play and substantial justice." Hanson's special appearance was supported by her affidavit which alleged that the note was signed in Michigan, that she previously resided in Denton County—not in Dallas County, and that EDS's offices were in Collin County.

■ EDS had the initial burden to plead sufficient allegations to bring Hanson within the provisions of the long arm statute, Code section 17.042. *McKanna v. Edgar*, 388 S.W.2d 927, 930 (Tex.1965); *Read v. Cary*, 615 S.W.2d 296, 298 (Tex.Civ.App.— Dallas 1981, writ ref'd n.r.e.). The fact that Hanson's special appearance was sworn to did not operate to shift the burden of proof or persuasion on the jurisdictional issue upon EDS. *See Smith v. Reynolds*, 533 S.W.2d 861, 862 (Tex.Civ. App.—San Antonio 1976, no writ). We hold that EDS's allegations are sufficient to state a cause of action for a contract performable in whole or in part in Texas and are sufficient to bring Hanson within Code section 17.042.

Because EDS alleged sufficient facts to bring Hanson within Code section 17.042, it became Hanson's burden, upon filing her special appearance under rule 120a, to present evidence to show lack of amenability to long arm process. *Read*, 615 S.W.2d at 299; *Roquemore v. Roquemore*, 431 S.W.2d 595, 600 (Tex.Civ.App.—Corpus Christi 1968, no writ). To sustain this burden, it was incumbent upon Hanson to establish that the Texas court cannot, under the federal and state constitutions and the appropriate state statutes, validly obtain jurisdiction over her person or property with regard to the cause of action pleaded. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 202 (Tex.1985). Hanson was required to negate all bases of personal

---

1. All references to the Code are to the Texas Civil Practice & Remedies Code Annotated (Vernon 1986).

**508**

jurisdiction. *See Siskind v. Villa Foundation for Educ., Inc.,* 642 S.W.2d 434, 438 (Tex.1982).

The record reflects that Hanson did not appear and testify nor did she produce any other witnesses in support of her claim of lack of jurisdiction. She argues, however, that her pleadings and affidavit were not controverted by EDS and that the facts so asserted were sufficient to establish her claim of lack of jurisdiction. We disagree. Neither pleadings nor *ex parte* affidavits are competent evidence to support a special appearance. *See Smith,* 533 S.W.2d at 862; *Main Bank & Trust v. Nye,* 571 S.W.2d 222, 223 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.); *McDougald v. First Nat'l Bank,* 239 S.W.2d 145, 149 (Tex.Civ. App.—Beaumont 1951, writ ref'd n.r.e.). We hold that Hanson failed to meet her burden of showing lack of amenability to long arm process and that the trial court erred in sustaining her special appearance. We sustain points of error one through three. Our disposition of these points render it unnecessary for us to consider points four and five.

We reverse the trial court's judgment, render judgment overruling the special appearance, and remand the case for trial on the merits.