DESIGN INFORMATION SYSTEMS, Appellant,

v.

FEITH SYSTEMS & SOFTWARE, INC. a Corporation, and Don Feith, Individually, Appellees.

No. 2–90–033–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 5, 1990.

Rehearing Overruled Jan. 9, 1991.

**570**

Law Office of Kathryn S. Lanford, and Kathryn S. Lanford, Fort Worth, for appellant.

Decker, McMackin & McClane, and Bradley H. Rice, Fort Worth, for appellees.

Before FARRIS, LATTIMORE and DAY, JJ.

## OPINION

DAY, Justice.

Carl Wilson, d/b/a Design Information Systems, appeals from the dismissal of his suit against Feith, a Pennsylvania corporation. Wilson had purchased computer software from Feith and instituted suit against Feith alleging that the product was not satisfactory. Feith was served with citation under TEX.CIV.PRAC. & REM.CODE ANN. sec. 17.042 (Vernon 1986), the Texas long-arm statute, and filed a special appearance and objection to jurisdiction. The trial court sustained Feith's objection and dismissed the suit. Because we find that Feith's contacts with Texas were continuing and systematic enough to permit the imposition of jurisdiction, we reverse.

The evidence offered at the hearing reflects the following: Feith is a close corporation with its sole office and headquarters located in Bala Cynwyd, Pennsylvania. Feith relies on national advertising in trade publications and exhibits at trade shows to sell its products. Feith has no offices, employees or representatives in Texas and does not engage in any advertising or sales efforts specifically directed toward prospective customers in Texas. Feith does not make "cold" calls to prospective customers. Feith's participation in trade shows and its national advertising generates prospective customers who call or write Feith inquiring about purchases of Feith's products.

In the instant case Wilson became acquainted with Feith's products either through a trade show attended by Feith in Las Vegas, Nevada or through another customer of Feith. Wilson placed his order with Feith by telephone and the software was shipped to him in Texas. Feith wrote three letters to Wilson in Texas but all three letters were written in response to inquiries made by Wilson. At the time of Wilson's purchase in December of 1985, Feith's president testified that Feith had "about" ten customers in Texas, by the time of the hearing Feith had "about" twenty-five customers in Texas, and Feith's Texas customers constituted only a tiny percentage of its nationwide sales.

In resolving the question of the amenability of Feith to the jurisdiction of our Texas courts we resort to our supreme court's seminal decision in *O'Brien v. Lanpar Co.,* 399 S.W.2d 340 (Tex.1966) as well as its modification in *Schlobohm v. Schapiro,* 784 S.W.2d 355 (Tex.1990). As enunciated in *O'Brien* and modified in *Schlobohm,* the "Texas" test to ensure compliance with the federal constitutional standard is:

(1) The nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state;

(2) The cause of action must arise from, or be connected with, such act or transaction. Even if the cause of action does not arise from a specific contact, jurisdiction may be exercised if the defendant's contacts with Texas are continuing and systematic; and

(3) The assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation.

*Schlobohm,* 784 S.W.2d at 358.

Feith contends that our holding in *C.W. Brown Mach. Shop, Inc. v. Stanley Mach.*

*Corp.,* 670 S.W.2d 791 (Tex.App.—Fort Worth 1984, no writ), is dispositive of the issue before us. We disagree. The holding in *C.W. Brown* is distinguishable. In *Brown* the nonresident defendant was shown to have made only one isolated sale in Texas, whereas in the case at bar the nonresident defendant was shown to have had twenty-five Texas customers. We find that such repeated sales transactions with residents of this state constitute the "continuing and systematic contacts" enunciated by our supreme court in the cited cases.

Taking into consideration the quality, nature, and extent of Feith's activities in Texas we are compelled to the conclusion that to require Feith to submit to the jurisdiction of Texas courts does not offend traditional notions of fair play and substantial justice.

We reverse and remand for trial to the court below.