IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-167-CV





PATRICK CONWAY,



 APPELLANT


vs.





IRVING SHAPIRO,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY



NO. 210,551, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING



 





PER CURIAM



 Appellant Patrick Conway appeals from an order of the county court at law of
Travis County granting appellee Irving Shapiro's motion objecting to the trial court's jurisdiction
over him. We will affirm the order of the trial court.

 Conway, a Texas resident, organizes and promotes workshops for artists. Shapiro
is an Illinois resident and artist. In 1990, Conway and Shapiro agreed that Shapiro would teach
at a watercolor workshop in Guadalajara, Mexico, in December 1991 for a fee that Conway would
pay. In September 1991, Shapiro notified Conway that he was unable to teach as scheduled
because of ill health. After learning that Shapiro was teaching other workshops, Conway
requested that Shapiro perform his obligations or reimburse Conway for expenses incurred in
promoting the workshop. When Shapiro did neither, Conway filed suit in the county court at law
of Travis County seeking damages for anticipatory breach of contract.

 Shapiro filed his sworn motion, pursuant to Tex. R. Civ. P. 120a, challenging the
trial court's jurisdiction on the basis that he is a nonresident of Texas and does not have sufficient
contacts with the state to support the jurisdiction of a Texas court. Shapiro requested the court
to dismiss the suit for want of jurisdiction. After a hearing, the trial court issued its order
granting Shapiro's motion. (1) In one point of error, Conway contends that the trial court erred in
sustaining Shapiro's special appearance.

 As the party entering the special appearance, Shapiro had the burden to negate all
bases for personal jurisdiction. Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 203 (Tex.
1985); General Elec. Co. v. Brown & Ross Int'l Distribs., Inc., 804 S.W.2d 527, 529 (Tex.
App.--Houston [1st Dist.] 1990, writ denied). On appeal, this Court reviews all the evidence
before the trial court to determine the propriety of the trial court's ruling on jurisdiction. Project
Eng. USA Corp. v. Gator Hawk, Inc., 833 S.W.2d 716, 719 (Tex. App.--Houston [1st Dist.]
1992, n.w.h.); Carbonit Houston, Inc. v. Exchange Bank, 628 S.W.2d 826, 829 (Tex.
App.--Houston [14th Dist.] 1982, writ ref'd n.r.e.); see Schlobohm v. Schapiro, 784 S.W.2d 355
(Tex. 1990). The merits of the cause of action are not before this Court. Memorial Hosp. Sys.
v. Fisher Ins. Agency Inc., 835 S.W.2d 645, 648 (Tex. App.--Houston [14th Dist.] 1992, n.w.h.).

 A Texas court may exercise jurisdiction over a nonresident if the Texas long-arm
statute, Tex. Civ. Prac. & Rem. Code Ann. §§ 17.041-.069 (West 1986), authorizes the exercise
of jurisdiction and the exercise of jurisdiction is consistent with federal and state constitutional
guarantees. In re S.A.V., 837 S.W.2d 80, 85 (Tex. 1992); Schlobohm, 784 S.W.2d at 356. The
long-arm statute authorizes jurisdiction over nonresidents "doing business" in Texas. Tex. Civ.
Prac. & Rem. Code § 17.042 (West 1986); Guardian Royal Exch. Assurance, Ltd. v. English
China Clays, P.L.C., 815 S.W.2d 223, 226 (Tex. 1991); Schlobohm, 784 S.W.2d at 356;
Memorial Hosp. Sys., 835 S.W.2d at 648.

 Although section 17.042 lists particular acts that constitute "doing business," the
statute also provides that other acts of a nonresident may satisfy the doing-business requirement. 
The broad language of this requirement permits the statute to reach as far as federal constitutional
requirements of due process allow. Schlobohm, 784 S.W.2d at 357; U-Anchor Advertising, Inc.
v. Burt, 553 S.W.2d 760, 762 (Tex. 1977). Accordingly, we consider whether the Texas court's
exercise of jurisdiction over Shapiro is consistent with federal constitutional requirements of due
process. Guardian Royal Exch., 815 S.W.2d at 226; U-Anchor, 553 S.W.2d at 762; Gator Hawk,
Inc., 833 S.W.2d at 721.

 To ensure compliance with federal constitutional standards, the supreme court has
enunciated a formula that tracks the elements of the jurisdictional test that has evolved in United
States Supreme Court decisions:



(1) The nonresident defendant . . . must purposefully do some act or consummate
some transaction in the forum state;


(2) The cause of action must arise from, or be connected with, such act or
transaction. Even if the cause of action does not arise from a specific contact,
jurisdiction may be exercised if the defendant's contacts with Texas are continuing
and systematic; and


(3) The assumption of jurisdiction must not offend traditional notions of fair play
and substantial justice, consideration being given to the quality, nature, and extent
of the activity in the forum state, the relative convenience of the parties, the
benefits and protection of the laws of the forum state afforded the respective
parties, and the basic equities of the situation.



Schlobohm, 784 S.W.2d at 358; see O'Brien v. Lanpar Co., 399 S.W.2d 340, 342 (Tex. 1966).

 The supreme court has clarified this formula to require first that the "defendant
must have purposefully established `minimum contacts' with Texas." Accordingly, a "substantial
connection" must exist "between the nonresident defendant and Texas arising from action or
conduct of the nonresident defendant purposefully directed toward Texas." Guardian Royal
Exch., 815 S.W.2d at 230; see S.A.V., 837 S.W.2d at 85; see also Burger King Corp. v.
Rudzewicz, 471 U.S. 462, 474-76 (1985); Hanson v. Denckla, 357 U.S. 235, 251 (1958). When
a plaintiff asserts specific jurisdiction, the cause of action must arise out of or relate to the
nonresident defendant's contacts with the forum state. If a plaintiff alleges general jurisdiction,
"continuous and systematic contacts" must exist between the nonresident defendant and Texas. 
General jurisdiction requires a showing of substantial activities in Texas by the nonresident
defendant. S.A.V., 837 S.W.2d at 85; Guardian Royal Exch., 815 S.W.2d at 230. 

 We first determine whether Shapiro established minimum contacts with Texas, that
is, whether a substantial connection exists between Shapiro and Texas arising from his contact or
action purposefully directed toward this state. The only evidence Shapiro presented was his sworn
special appearance. See Tex. R. Civ. P. 120a(3); Martinez v. Valencia, 824 S.W.2d 719, 723
(Tex. App.--El Paso 1992, no writ) (sworn special appearance that sets out sufficient facts to show
lack of jurisdiction establishes prima facie case of no jurisdiction). Shapiro averred that he does
not maintain a place of business in Texas; that he has no employees, servants, or agents within
the state; that he does not, and is not required to, maintain a registered agent in Texas; and that
he does not solicit business here. His only contact with Texas consists of teaching four workshops
in the state at the invitation of Texas residents in the years. The evidence provides no other
information about these workshops. The agreement underlying Conway's claims was to be
performed in Mexico.

 At the hearing on Shapiro's motion, Conway testified that Shapiro advertises his
availability to teach workshops in several magazines with national circulation, including Texas. 
After seeing the advertisements, Conway contacted Shapiro. Through a series of letters and
telephone conversations between Conway in Texas and Shapiro in Illinois, the two agreed that he
would teach at the workshop in Mexico in December 1991. Conway then promoted the workshop
from his office in Austin, Texas; he considered promotion to be part of the parties' agreement. (2)

 Based on the limited evidence presented to the trial court, we conclude that
Shapiro's contacts with Texas do not rise to the level of minimum contacts necessary to support
jurisdiction over him. The focus of the inquiry is the "actions by [Shapiro] himself that create a
`substantial connection' with the forum State." Burger King Corp., 471 U.S. at 475. Although
Shapiro has taught workshops here, such contact does not rise to the level of minimum contacts
necessary to support the court's general jurisdiction over him. See Guardian Royal Exch., 815
S.W.2d at 228; Gator Hawk, Inc., 833 S.W.2d at 722 (general jurisdiction requires showing of
substantial activities in forum state, not just isolated or sporadic activity).

 Conway's original petition alleges specific jurisdiction arising from the parties'
agreement. The record before this Court does not show that, in this transaction, Shapiro
purposefully directed his activity toward a Texas resident. See Burger King Corp., 471 U.S. at
472. The fact that Shapiro advertised in magazines that circulated in Texas alone is not purposeful
activity directed toward this state. See Siskind v. Villa Found. for Educ., Inc., 642 S.W.2d 434,
436 (Tex. 1982); Design Info. Sys. v. Feith Sys. & Software, Inc., 801 S.W.2d 569, 570-71 (Tex.
App.--Fort Worth 1990), aff'd in part; rev'd in part on other grounds, 813 S.W.2d 481 (Tex.
1991); C.W. Brown Mach. Shop, Inc. v. Stanley Mach. Corp., 670 S.W.2d 791, 793-94 (Tex.
App.--Fort Worth 1984, no writ).

 Shapiro has not established minimum contacts with Texas; therefore, we overrule
Conway's point of error. We affirm the order of the trial court.


[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: December 23, 1992

[Do Not Publish]
1. The order does not include language dismissing the cause for want of jurisdiction. By his
motion, Shapiro expressly requested the court to dismiss the suit. The order does state that
Shapiro moved to dismiss the cause and then orders that his motion be granted. See Tex. R. Civ.
P. 120a(4) (if court sustains objection to jurisdiction, it shall issue appropriate order); W. Frank
Newton & Jeremy C. Wicker, Personal Jurisdiction and the Appearance to Challenge Jurisdiction
in Texas, 38 Baylor L. Rev. 491, 564 (1986).
2. If promotion were part of the agreement, we presume Conway would argue that Shapiro
does business in Texas by "contract[ing] by mail or otherwise with a Texas resident and either
party is to perform the contract in whole or in part in this state." Tex. Civ. Prac. & Rem. Code
Ann. § 17.042(1) (West 1986). Shapiro must still, however, have sufficient minimum contacts
with the state to satisfy due-process requirements.