In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-278 CV


____________________



IN RE LEBLANC & WADDELL, L.L.C.






Original Proceeding






MEMORANDUM OPINION (1)


 

 LeBlanc & Waddell, L.L.C., seeks a writ of mandamus to compel the trial judge
to vacate an order, entered May 20, 2004, that denies a motion to quash a deposition and
orders the relator to submit to a deposition in the county of suit. The underlying litigation
consists of a petition for declaratory judgment filed by Joseph C. Blanks, P.C., against
LeBlanc & Waddell, L.L.C., Roger G. Worthington, P.C., and Herschel L. Hobson. The
relator filed a special appearance, and contends it cannot be compelled to submit to a
deposition in the State of Texas because it is not a party to the suit while the issue of the
trial court's jurisdiction over the relator remains unresolved. The relator did not contend
in the trial court that it would be unduly burdensome to travel from Baton Rouge,
Louisiana, to Woodville, Texas, to engage in discovery. 

 A Texas court may assert personal jurisdiction over a nonresident defendant only
if the Texas long-arm statute authorizes jurisdiction and the exercise of jurisdiction is
consistent with federal and state due process standards. Guardian Royal Exch. Assur., Ltd.
v. English China Clays, P.L.C., 815 S.W.2d 223, 226 (Tex.1991). A nonresident
defendant may file a special appearance for the purpose of objecting to the court's
jurisdiction on the ground that the defendant is not amenable to process issued by the
courts of this state. Tex. R. Civ. P. 120a. The purpose of Rule 120a is to allow a
defendant to make a special appearance in a case in order to attack the court's jurisdiction
over the defendant without being subjected to the jurisdiction of the court generally. C.W.
Brown Mach. Shop, Inc. v. Stanley Machinery Corp., 670 S.W.2d 791, 793 (Tex. App.--Fort Worth 1984, no writ). The use of discovery processes does not constitute a waiver
of a special appearance filed by a nonresident defendant. Tex. R. Civ. P. 120a. The
relator's only argument is that it is not yet a party to the litigation because the trial court
has not ruled on its special appearance, and therefore it must be subpoenaed in Louisiana
under Louisiana law. By filing a Rule 120a special appearance, however, the relator
subjected itself to the jurisdiction of Texas courts for the special purpose of determining
in personam jurisdiction. While relator argues in its response brief on appeal that the
travel costs from Baton Rouge should be considered, relator did not present that issue to
the trial court. The sole issue we decide is whether the filing of a special appearance
subjects a party to the jurisdiction of the court for the limited purpose of determining the
court's jurisdiction. The proposed discovery is directly and exclusively related to the
special appearance. Therefore, the trial court does not lack the power to order the relator
to submit to participate in discovery confined to the special appearance and its order is not
void. 

 The petition for writ of mandamus, filed June 21, 2004, is denied.

 WRIT DENIED

 PER CURIAM

Opinion Delivered July 22, 2004

Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Tex. R. App. P. 47.4.