**Jesse MARTINEZ and Maria Martinez, Appellants,**

v.

**Baltazar VALENCIA and Socorro Valencia, Individually and as Next Friends of Manuel Valencia, a Minor, Appellees.**

No. 08–91–00169–CV.

Court of Appeals of Texas, El Paso.

Feb. 5, 1992.

Kristi Franklin Hyatt, Cotton, Bledsoe, Tighe & Dawson, Midland, for appellants.

Larry Zinn, San Antonio, Ruff Ahders, Ruff Ahders, Associated, Odessa, for appellees.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

In a suit arising out of personal injuries to a child, the defendants though duly served, failed to answer or appear. After a default judgment was rendered against them, defendants made a special appearance challenging the court's jurisdiction and then filed a motion for new trial, both of which were overruled. We reverse and render.

## FACTS

Baltazar Valencia and Socorro Valencia (Valencias), Appellees, reside in Odessa, Ector County, Texas. They were visiting their relatives, Jesse Martinez and Maria Martinez (Martinezes), Appellants, at their home in Lovington, New Mexico on August 21, 1989. Mrs. Valencia and Mrs. Martinez

are sisters. During the visit, Valencias' minor child, Manuel, was injured by "a barbeque pit which fell and hit [him]." A claim was made for damages and negotiations commenced. A settlement was proposed in July 1990 and was pending when the Valencias filed suit against the Martinezes in Ector County on October 4, 1990, alleging that the injuries sustained by Manuel were proximately caused by the negligence of Martinezes. The Martinezes were served with the suit papers in Lovington on October 10, 1990. Not being versed in English and not understanding the importance of the papers, the Martinezes put them aside and failed to notify their Midland attorney, who had been negotiating a settlement with the Valencias, that suit had been filed. No answer having been filed and no appearance having been made by the Martinezes, the trial court, after hearing, rendered the default judgment against them in favor of the Valencias for $100,000.00 on January 14, 1991.

Subsequently, the Martinezes on February 7, 1991 filed a special appearance challenging the jurisdiction of the court over their persons and property on the grounds that they were not residents of Texas, had no business or place of business in Texas, and had committed no tort in Texas, alleging that the assumption of jurisdiction over them by the Texas court offended traditional notions of fair play and substantial justice and deprived them of due process. The special appearance was denied on February 12. Later that same day, the Martinezes filed a motion for new trial, supporting their allegations with affidavits that they did not understand English and that their failure to answer was due to accident and mistake, not to conscious indifference or intentional omission. This motion was overruled by operation of law.

## POINTS OF ERROR

In three points on this appeal, the Martinezes assert that the court erred first, in rendering judgment against them because it had not acquired jurisdiction over their persons; second, in overruling their special appearance for the purpose of showing lack of jurisdiction; and third, in overruling

their motion for new trial. In response, the Valencias contend that the Martinezes, by their actions, waived the jurisdictional error and that the trial court did not abuse its discretion in denying the motion for new trial.

## JURISDICTION

A Texas court may exercise jurisdiction over a nonresident if he voluntarily submits to that jurisdiction or if he comes under the jurisdiction by virtue of the Texas long-arm statute. Tex.Civ.Prac. & Rem. Code Ann. § 17.041 *et seq.* (Vernon 1986). Our long-arm statute reaches as far as federal constitutional requirements of due process permit. *Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex.1990); *U–Anchor Advertising, Inc. v. Burt,* 553 S.W.2d 760, 762 (Tex.1977). The exercise of jurisdiction over a nonresident must also be consistent with state constitutional guarantees of due process. *Koch Graphics, Inc. v. Avantech, Inc.,* 803 S.W.2d 432, 434 (Tex.App.—Dallas 1991, no writ).

In addition to the requirements that the nonresident must have purposely done some act or consummated some transaction in this state and the cause of action must have arisen from, or be connected with, such act or transaction, the assumption of jurisdiction by this "state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature, and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation." *Schlobohm,* 784 S.W.2d at 358, quoting from *Tyee Construction Company v. Dulien Steel Products, Inc., of Washington,* 62 Wash.2d 106, 381 P.2d 245, 251 (1963) as also quoted in *O'Brien v. Lanpar Company,* 399 S.W.2d 340, 342 (Tex.1966).

The Valencias virtually admit in their pleadings and brief that the Martinezes are nonresidents of this state and that the alleged tort was committed entirely in New Mexico at the latters' residence.

Despite those admissions, the Valencias assert that the lack of personal jurisdiction was waived when the Martinezes' attorney prepared and submitted to the Valencias for approval friendly suit and settlement papers, based on the negotiations, which, upon approval, were to be filed in an Ector County district court. The papers were neither agreed to nor signed by the Valencias and were never filed in Ector County. Nor were they brought to the attention of or admitted into evidence by the judge who heard and granted the default judgment in this case.

Documents and exhibits not filed for record in the trial court are not properly a part of the record and may not be considered on appeal. *Noble Exploration, Inc. v. Nixon Drilling Co., Inc.,* 794 S.W.2d 589, 592 (Tex.App.—Austin 1990, no writ); *Deerfield Land Joint Venture v. Southern Union Realty Company,* 758 S.W.2d 608, 609 (Tex.App.—Dallas 1988, writ denied); *City of Galveston v. Shu,* 607 S.W.2d 942, 944 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). Although this Court granted Valencias' motion to supplement the record on appeal by including the attorney's letter and the suit and settlement papers as a part of this Court's record, they still cannot be considered by this Court as a part of the record on appeal since they were not part of the record in the trial court. If we were to consider evidence not properly before the trial court, we would become a court of original jurisdiction rather than an appellate court. Without those papers properly before us for consideration, the Valencias' claim of waiver is totally unsupported by the record and we accordingly hold that the trial court did not acquire personal jurisdiction over the Martinezes by waiver or otherwise. Point of Error No. One is sustained.

However, even if the papers and letter had been admitted into evidence in the trial court (despite being inadmissible under Tex.R.Civ.Evid. 408) and properly included in the record on appeal, the settlement was never agreed to or consummated by the Valencias nor was the friendly suit ever filed in Ector County. Under those circumstances, the papers were a nullity as far as the parties were concerned and could not be used to show that the Martinezes had waived their due process right to be sued in their own state and county any more than they could be used to show that the Valencias had agreed on a settlement.

## SPECIAL APPEARANCE

The Valencias next argue that when the Martinezes filed their motion for new trial on the same day but after the special appearance was denied, the filing of that motion invoked the trial court's jurisdiction and thus became a general appearance. They mistakenly rely on *Liberty Enterprises, Inc. v. Moore Transportation Company, Inc.,* 690 S.W.2d 570, 571 (Tex.1985). In *Liberty,* the Supreme Court held that Liberty had submitted to the court's jurisdiction by stating in its motion for new trial that "Liberty is ready to try this case when it is properly set for trial," and by agreeing to the order reinstating the cause of action. Furthermore, Liberty's motion for new trial was filed before it had obtained a ruling on its special appearance. It was not the filing of the motion itself but the language in the motion and Liberty's conduct that triggered the change to a general appearance. None of these facts are present in this case where the Martinezes filed their motion for new trial after the trial court had denied their special appearance and in the motion, they carefully stated that "without waiving their claim to the jurisdiction" and "[s]ubject to their objection to the court's jurisdictions," they would present meritorious defenses "in the appropriate forum."

That the filing of the motion for new trial after or even at the same time as the special appearance was made did not act as a waiver is governed by Tex.R.Civ.P. 120a which provides in relevant part:

1. Such special appearance shall be made by sworn motion filed prior to motion to transfer venue or any other plea, pleading or motion; provided however, that a motion to transfer venue and any other plea, pleading, or motion may be contained in the

same instrument or filed subsequent thereto without waiver of such special appearance; ....

. . . . .

4. If the objection to jurisdiction is overruled, the objecting party may thereafter appear generally for any purpose. Any such special appearance or such general appearance shall not be deemed a waiver of the objection to jurisdiction when the objecting party or subject matter is not amenable to process issued by the courts of this State.

Neither the filing of the motion for new trial nor the Martinezes' actions taken after the denial of their special appearance caused a waiver of such appearance. *Koch Graphics*, 803 S.W.2d at 433.

▉ The Valencias also argue that the Martinezes failed to meet their burden to prove the lack of the trial court's jurisdiction. The burden is on the nonresidents to prove that they were not amenable to process issued by the courts of this state. *Estate of Griffin v. Sumner*, 604 S.W.2d 221, 227 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.); *Main Bank & Trust v. Nye*, 571 S.W.2d 222, 224 (Tex.Civ.App.—El Paso 1978, writ ref'd n.r.e.). Effective September 1, 1990, Rule 120a was amended by adding a new paragraph 3 which provided in part that:

> The court shall determine the special appearance on the basis of the pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, the results of discovery processes, and any oral testimony.

The Martinezes' sworn special appearance which presented their plea to the jurisdiction, together with the Valencias' original petition which showed on its face that the court had no jurisdiction, were more than sufficient to satisfy the burden of these nonresidents to prove that they were not amenable to Texas process. The record does not show any pleadings, affidavits or evidence by the Valencias to the contrary. Prophetically, Chief Justice Preslar speaking for this Court in *Main Bank & Trust*,

criticized the failure of Rule 120a to provide that a sworn special appearance is sufficient to establish prima facie a lack of personal jurisdiction, and commented: "This is a matter for the Legislature or the Supreme Court under its rule making powers." 571 S.W.2d at 224. With the addition of paragraph 3 to Rule 120a, that deficiency has now been rectified, *Main Bank & Trust* is no longer the law on that point, and a sworn special appearance which sets out sufficient facts to show a lack of jurisdiction will establish a prima facie case of no jurisdiction. The trial court erred in denying the special appearance. Point of Error No. Two is sustained.

## MOTION FOR NEW TRIAL

▉ Having sustained the first and second points of error, it is unnecessary for us to consider the third point in which the Martinezes contend that the court erred in overruling their motion for new trial. However, we would point out that the motion, which was overruled by operation of law despite several attempts by the Martinezes' attorney to get a hearing, meets the requirements of *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939) and *Strackbein v. Prewitt*, 671 S.W.2d 37 (Tex.1984). First, the failure of the Martinezes to file an answer to the Valencias' suit "was not intentional, or the result of conscious indifference ... but was due to a mistake or accident." 671 S.W.2d at 38. According to their supporting affidavits, the Martinezes did not contact their attorney or forward the papers to her because they did not read English and mistakenly thought the papers had something to do with the pending settlement. Their failure to take any action under those circumstances does not equate to conscious indifference or to an intent to delay forwarding the papers to their attorney, as argued by the Valencias. If anything, the Martinezes' case is more compelling than the fact situation confronting the Court in *Dallas Heating Co., Inc. v. Pardee*, 561 S.W.2d 16 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). According to the motion for new trial in that case, Dallas Heating, knowing that the papers served on it need-

ed to be sent to its attorney, intentionally delayed doing so while it gathered some records for delivery to its attorney and "inadvertently misplaced" the citation and records until after default judgment was taken. The trial court overruled the motion for new trial. The Dallas Court of Appeals reversed, holding that in the absence of controversion, the motion and affidavit set forth facts which, if true, would negate intentional or consciously indifferent conduct. Other cases cited by the Valencias are not in point.

Second (under *Craddock* and *Strackbein*), the Martinezes have alleged in their motion facts, supported by their affidavits which set forth sufficient detail, that if true would set up a meritorious defense, to-wit: the absence of negligence on their part and the negligence of Mrs. Valencia in not supervising her child. *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex.1966); *Strackbein*, 671 S.W.2d at 38. Third, the motion alleged that its filing and the granting of a new trial would result in no delay or prejudice to the Valencias. The facts bear this out since the motion was filed within thirty days of the date default judgment was taken and little more than four months from the date suit was filed. Finally, the Martinezes in their motion, offered to reimburse the Valencias for any costs and expenses connected with taking the default judgment. *United Beef Producers, Inc. v. Lookingbill*, 532 S.W.2d 958, 959 (Tex. 1976). None of the allegations in the motion and in the affidavits supporting it were controverted by the Valencias in the trial court. We conclude that the trial court abused its discretion by allowing the motion for new trial to be overruled by operation of law and sustain the third point of error.

The trial court should have sustained the Martinezes' special appearance and dismissed the cause for want of jurisdiction. Accordingly, the trial court's judgment is reversed and it is rendered that the suit is dismissed for lack of jurisdiction.