Glenn MORGAN, Appellant,

v.

Bill PIERCE, Appellee.

No. 12–92–00285–CV.

Court of Appeals of Texas,
Tyler.

Aug. 19, 1993.

Glenn Morgan, Athens, for appellant.

Jack Norwood, Tyler, for appellee.

Before RAMEY, C.J., and BILL BASS and HOLCOMB, JJ.

BILL BASS, Justice.

This is an appeal from a county court judgment for the landlord in a forcible detainer case. We will reverse the judgment and remand the cause to the trial court.

Appellee, Bill Pierce, was the owner and landlord and Appellant, Glenn Morgan, the tenant of a house and lot described in the lease agreement and throughout these proceedings as located at Route 1, Box 228, Rusk, Texas. Following a dispute between them regarding the maintenance of the leased premises and the landlord's right to cross it to reach the adjoining property, Pierce gave notice to Morgan to vacate the leased premises. Morgan refused to surrender possession. Pierce then filed a forcible detainer suit in justice court seeking recovery of the possession. Pierce's petition in justice court alleged that Morgan had "failed and refused to maintain the premises" and "on numerous occasions interfered [with] Plaintiff's use and possession of the adjoining premises."

On January 10, 1992, the justice court granted judgment of restitution for the landlord, Pierce.

On January 13, 1992, Appellant Morgan appealed the judgment to the County Court of Cherokee County by filing a pauper's affidavit in lieu of bond as provided by TEXAS RULE OF CIVIL PROCEDURE 749a. The original papers from the justice court were filed in County Court on January 17, 1992. On January 31, 1992, Pierce filed his amended

petition in forcible detainer in the county court. In addition to the grounds for eviction advanced in his justice court petition, the petition in county court alleged that the description of the premises was too vague to satisfy the statute of frauds. Therefore, it was alleged, the lease was void and Morgan, a tenant at will, who, after receiving proper notice, had refused to vacate the premises.

On March 10, 1992, Pierce filed a motion for "default judgment" in the county court alleging the tenant's default in the timely payment of the monthly rental into the registry of the county court as required by TEXAS RULE OF CIVIL PROCEDURE 749b (Vernon 1993). Rule 749b provides that in a nonpayment of rent case when the tenant appeals by filing a pauper's affidavit, the tenant shall be entitled to remain in possession during the pendency of the appeal by complying with the following procedure:

(1) Within five days of the date that the tenant/appellant files his pauper's affidavit, he must pay into the justice court registry one rental period's rent under the terms of the rental agreement.

(2) During the appeal process as rent becomes due under the rental agreement, the tenant/appellant shall pay the rent into the county court registry within five days of the due date under the terms of the rental agreement.

(3) If the tenant/appellant fails to pay the rent into the court registry within the time limits prescribed by these rules, the appellee may file a notice of default in county court. Upon sworn motion by the appellee and a showing of default to the judge, the court shall issue a writ of restitution.

The judge conducted a hearing on Pierce's motion on March 13. The only issue considered at the hearing was whether Morgan had complied with Rule 749b by paying a rent payment into the registry of the court within five days of filing the appeal by pauper's affidavit. The deputy county clerk testified that although the receipt for the $250 rent check had been issued on January 31, the check had been in their possession for "four or five days before that." The check was

dated January 16, and the justice court records show that it was received in the justice court on January 17. Morgan's attorney also testified that he presented the $250 money order for the rent to the justice court on January 16 or 17. The county court announced from the bench that it was granting the motion for default judgment. The judgment of restitution signed by the judge also awarded Pierce $750 in damages.

The tenant has filed a brief *pro se* complaining, *inter alia*, that the trial court erred in refusing "to follow state procedures and rules" and in not trying the merits of the case.

■ These points have merit. First, Morgan's appeal was not subject to challenge under Rule 749b. That section only applies to appeals by pauper's affidavit in *nonpayment* of rent cases. The landlord's pleadings never alleged Morgan's failure to pay the rent, nor is there any evidence in the record that he had failed to pay the rent. This is not a nonpayment of rent case.

Second, even if this were a nonpayment of rent case, the overwhelming weight of the evidence shows that Morgan complied with the statute by paying one rental period's rent into the justice court registry within five days of January 13, the date of filing his pauper's affidavit. It is apparent from the record of the hearing, that the judge and Pierce's lawyer believed that the first payment after appeal should be paid into county court. However, the Rule specifies that the first rent period payment following the filing of the pauper's affidavit shall be paid into the registry of the justice court. Thereafter, the rental payments are to be paid into the registry of the county court during the pendency of the suit. Morgan's payment of the subsequent payments into the county court registry was never questioned. Morgan's points are sustained.

■ Pierce moved for dismissal of Morgan's appeal contending that this Court did not have jurisdiction to consider the appeal under Section 24.007 of the TEXAS PROPERTY CODE, which he maintains prohibits appellate review of the question of possession. Before 1985, the statute prohibited appeals in forc-

ible detainer actions unless the judgment awarded damages greater than $100. The limitation on appeal precluded appellate review of the issue of possession. Pierce cites the opinion of this Court in *Williamson v. Johnson*, 492 S.W.2d 327, 329 (Tex.Civ. App.—Tyler 1973, no writ), for the proposition that an appellate court may consider only the issue of damages in an appeal of a judgment in a forcible entry and detainer case.

However, Section 24.007 of the TEXAS PROPERTY CODE was amended, effective September 1, 1985, so that it now provides for appeals on the issue of possession when the premises in question are used for residential purposes only. TEX.PROP.CODE ANN. § 24.-007 (Vernon Supp.1993). In this case, the lease agreement provides the premises shall be used for only residential purposes. There is no indication in the record that the property was used for anything else. Although it is now of only historical interest, this Court held in *City of Edgewood v. Sanders*, 693 S.W.2d 2 (Tex.App.—Tyler 1985, writ ref'd n.r.e.), that the limitation of appeal contained in the old statute only applied to those cases which had been litigated on the merits, specifically overruling our earlier decision in *Williamson v. Johnson*. Pierce's motion to dismiss the appeal is overruled.

Morgan's point of error is sustained. The judgment granting Pierce restitution of the premises located at Route 1, Box 288, Rusk, Texas, and ordering the issuance of a writ of possession, is **reversed and the cause remanded for proceedings consistent with this opinion.**

HOLCOMB, J., not participating.