COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROBERTO MONCADA AND JUANITA MONCADA, | § | No. 08-09-00324-CV |
| | § | |
| Appellants, | | Appeal from the |
| | § | |
| v. | | County Court at Law No. 6 |
| | § | |
| | | of El Paso County, Texas |
| BERT NAVAR, | § | |
| | | (TC# 2009-J00063) |
| Appellee. | § | |

**O P I N I O N**

In this forcible detainer suit, the county court concluded that the defendants failed to perfect their appeal from the justice of peace court because they did not pay rent into the court registry. In their sole issue, the Moncadas contend that the county court erred in concluding that they could not perfect their appeal without paying rent into the court registry.

In June 2009, Bert Navar purchased the home of Roberto and Juana Moncada at a foreclosure sale.[1] The Moncadas refused to vacate the premises, so Navar sued them for forcible detainer in justice of the peace court. On July 21, 2009, the justice of the peace ruled in Navar's favor. On July 24, 2009, the Moncadas filed a notice of appeal and pauper's affidavit. The record reflects that no one contested the pauper's affidavit.

At the trial *de novo* in county court, Navar testified that he did not want the Moncadas as tenants and that there had never been a rental contract between him and the Moncadas. Juana

---

[1] Although some of the pleadings and the judgment refer to her as "Juanita," Mrs. Moncada testified that her name is "Juana."

Moncada testified the same; that she and her husband had never entered into any kind of agreement to rent the property from Navar. At the conclusion of the trial, the judge announced that the Moncadas had not properly perfected their appeal because they failed to pay rent into the court's registry. She signed an order of dismissal, which states that the Moncadas "failed to perfect the appeal as required by TRCP 749(b)." The Moncadas have appealed the dismissal to this Court.

Within five days after a justice of the peace signs a judgment in a forcible entry and detainer case, a party may appeal to a county court by filing either a bond or a pauper's affidavit. TEX.R.CIV.P. 749, 749a. If the appellant files a pauper's affidavit, the appellee has five days to contest the affidavit. TEX.R.CIV.P. 749a. If the appellee does not contest the affidavit, it "will be considered approved." *Id*. "When an appeal bond has been timely filed in conformity with Rule 749 or a pauper's affidavit approved in conformity with Rule 749a, the appeal shall be perfected." TEX.R.CIV.P. 749c.

In ruling that the Moncadas had not perfected their appeal, the county court mistakenly relied on Rule 749b. That rule states in pertinent part:

> In a nonpayment of rent forcible detainer case a tenant/appellant who has appealed by filing a pauper's affidavit . . . shall be entitled to stay in possession of the premises during the pendency of the appeal, by complying with the following procedure:
> (1) Within five days of the date that the tenant/appellant files his pauper's affidavit, he must pay into the justice court registry one rental period's rent under the terms of the rental agreement.
> (2) During the appeal process as rent becomes due under the rental agreement, the tenant/appellant shall pay the rent into the county court registry within five days of the due date under the terms of the rental agreement.

TEX.R.CIV.P. 749b.

Rule 749b does not apply to every forcible detainer case. Generally, "the only issue" in such a case is "the right to actual possession." TEX.R.CIV.P. 746. However, "[a] suit for rent may be joined with an action of forcible entry and detainer" if the suit for rent is within the justice court's jurisdiction. TEX.R.CIV.P. 738. By its express terms, Rule 749b only applies if a suit for rent has been joined with the suit for forcible detainer. *See* TEX.R.CIV.P. 749b ("In a nonpayment of rent forcible detainer case . . . ."); *see also* TEX.PROP.CODE ANN. §§ 24.0053, 24.0054 (Vernon Supp. 2010)(setting out procedures for payment of rent pending appeal in "nonpayment of rent" cases).

In this case, the complaint did not allege that the Moncadas failed to pay rent. Juana Moncada and Bert Navar both testified that they had no rental agreement. Accordingly, this is not a nonpayment of rent forcible detainer case, and Rule 749b does not apply. *See Morgan v. Pierce*, 864 S.W.2d 643, 644 (Tex.App.--Tyler 1993, no writ)(holding that a case was not a nonpayment of rent case because the landlord's pleadings did not allege a failure to pay rent and there was no evidence of nonpayment).

Navar attempts to bring this case within the ambit of Rule 749b by relying on a letter dated August 20, 2009, which is attached as an appendix to his appellate brief. In the letter, Navar requested that the Moncadas pay $1,000 into the court registry every month until resolution of the appeal. This letter is not, however, properly before us because it is not part of the trial court record. *See Martinez v. Valencia*, 824 S.W.2d 719, 722 (Tex.App.--El Paso 1992, no writ). Even if we could consider the letter, it does not establish that the parties had a rental agreement as contemplated by the rule. *See* TEX.R.CIV.P. 749b(1)(requiring the appellant to pay one month's rent into the justice court registry "under the terms of the rental agreement"); *id*.

-3-

749b(2)(requiring the appellant to continue paying rent into the county court registry "as rent becomes due under the rental agreement"). At most, the letter would constitute an offer to enter into a rental agreement.

Furthermore, even if Rule 749b applied to this case, it would have no effect on the Moncadas' perfection of their appeal to the county court. In focusing on Rule 749b, Navar, like the county court, ignores Rule 749c, which expressly defines when an appeal is perfected. In the case of an indigent appellant, all that Rule 749c requires is the approval of a pauper's affidavit. *See* TEX.R.CIV.P. 749c.

Rule 749b simply provides a procedure by which an indigent appellant may remain on the premises during the appeal: an appellant who appeals by filing a pauper's affidavit "shall be entitled to stay in possession of the premises during the pendency of the appeal" by complying with the procedures set forth in the rule. TEX.R.CIV.P. 749b. One of the rule's procedures is that the appellant "must pay into the justice court registry one rental period's rent." TEX.R.CIV.P. 749b(1). Isolating the word "must," Navar argues that paying rent is mandatory whenever an appellant appeals with a pauper's affidavit. Read in context, however, it is clear that paying rent is mandatory only if the appellant wishes to stay on the premises during the appeal.

Thus, we find that the county court erred in concluding that the Moncadas' failure to pay rent into the court registry precluded them from perfecting an appeal. Accordingly, the order of dismissal is reversed, and this cause is remanded to the county court for further proceedings.

January 5, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

-4-