ACCEPTED
12-15-00047-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/20/2015 2:39:36 PM
CATHY LUSK
CLERK

Cause No. 12-15-00047-CV
IN THE COURT OF APPEALS
FOR THE TWELFTH JUDICIAL DISTRICT
TYLER, TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

8/20/2015 2:39:36 PM

CATHY S. LUSK
Clerk

==========================================================
=========

MARK J. HEALEY
APPELLANT

V.

EDWIN N. HEALEY
APPELLEE

==========================================================
=========

*On Appeal from Severed Cause No. 2014C-0638*
*From the 3rd District Court, Henderson County, Texas*
*Honorable Mark Calhoon, Judge Presiding*

==========================================================
=========

BRIEF OF APPELLANT
==========================================================

STARK & GROOM, L.L.P.
Steve Stark
State Bar No.:  19066000
110 East Corsicana Street
Athens, Texas  75751
Phone:        (903)675-5691
Fax:           (903)675-6454
Email:  stevestark@starkandgroom.com
Attorney For Appellant

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL…………………………….…..3

INDEX OF AUTHORITIES…………………………..............…..…4

STATEMENT OF THE CASE…………………………….…………..….5

ISSUES PRESENTED FOR REVIEW…………………………...…....6

STATEMENT OF FACTS………………………………………..….7

SUMMARY OF ARGUMENT…………………………………..……..9

ARGUMENT AND AUTHORITY ISSUES 1, 2, 3…...…………….....10

ARGUMENT AND AUTHORITY ISSUES 4 …..…………….………12

PRAYER………………………………………………..….14

CERTIFICATE OF COMPLIANCE & CERTIFICATE OF SERVICE…..15

## APPENDIX

TRCP Rule 120a………………………………………………17

Plaintiff's Motion for Default Judgment Against Defendant Mark
    J. Healey…………………………………………………19

Special Appearance by Mark J. Healey…………………………..24

Default Judgment Against Mark J. Healey……………………….26

Mark J. Healey's Motion For New Trial………………………….28

Reporters Record pages 6-7……………………………….36

Order of Severance………………………………………..38

Docket Sheet……………………………………………..40

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.1(a), Appellant presents the following list of all parties and names and addresses of its counsel:

**Appellant/Defendant**
Mark J. Healey
24625 Knox Road
Route 1 Box 206E
Marshall, MO  65340-9552

**Counsel:**
Steve Stark
Stark & Groom, LLP
110 E. Corsicana St.
Athens, TX  75751
Telephone: (903) 675-5691
stevestark@starkandgroom.com

**Appellee/Plaintiff**
Edwin N. Healey
129 Towering Oaks Dr.
Tool, TX
(current address)
300 Huguley Blvd., #316
Burleson, TX

**Counsel:**
Koy Killen
Lovelace Killen, P.L.L.C.
104 South Main Street
Burleson, Texas  76028
Telephone: (817) 447-0053
kkillen@lovelacekillen.com

Fort Worth Office
Water Gardens Place
100 E. 15th St., Suite 350
Fort Worth, TX  76102
(817) 953-9656

# INDEX OF AUTHORITIES

**Cases**

Abramowitz v. Miller, 649 S.W.2d 339 (Tex. App.-Tyler 1983, no hist.)……………………………………………………………………10

In re: Does 1-10, 242 S.W. 3d 805 (Tex. App. Texarkana, 2007, no hist....12

Landers v. East Tex. Salt Water Disposal Co., 248 S.W.2d 731 (Tex. 1952)……………………………………………………………….13

LBL Oil Co. v. Int'l Power Serv., Inc., 777 S.W. 2d 390 (Tex. 1989)….12

Martinez v. Valencia, 824 S.W.2d 719 (Tex.App. El Paso 1992 re hearing denied)……………………………………………….………….10

Peralta Heights Med Ctr., Inc., 485 US 80 (1988) ………………………..12

Wilson v. Wilson, 132 S.W. 3d 533, (Tex. App.-Hou. [1st dist.] 2004, rev. denied)……………………………………………………………12

**RULES**

Rule 120a…………………………………………………………….Appendix 17

## STATEMENT OF THE CASE

This is an appeal from the 3rd Judicial District Court of Henderson County, Texas, the Hon. Mark Calhoon presiding, by one of three Defendants therein from the Court's failure to consider and rule upon Special Appearance[1], granting Default Judgment against Appellant[2], denying Motion For New Trial[3] and granting Severance.[4]

---

[1] Special Appearance by Mark J. Healey, C.R. pg. 384, Appendix pg.24.
[2] Default Judgment against Mark J. Healey, C.R. pg. 386, Appendix pg 26.
[3] Order Denying Mark J. Healey's Motion For New Trial, C.R. pg. 433.
[4] Order of Severance, C.R. pg.434 and Appendix pg. 38.

## ISSUES PRESENTED FOR REVIEW

**Issue 1**:    The Trial Court erred by failing to consider and rule upon Appellants Special Appearance before granting Default Judgment against Appellant.

**Issue 2:**    The Trial Court erred in granting Default Judgment against Appellant.

**Issue 3:**    The Trial Court erred in failing to grant a new trial, to correct its errors.

**Issue 4:**    The Trial Court erred in severing the cause of action against Appellant.

## STATEMENT OF FACTS

Edwin N. Healey sued Appellant and his brothers E. Peter Healey and Paul C. Healey in the 352nd Judicial District Court of Tarrant County, Texas[5]. The venue of the cause was transferred to the 3rd Judicial District Court of Henderson County, Texas.[6]

On November 11, 2014, Appellee filed his Motion For Default Judgment against Appellant only on the claim of money had and received.[7] On November 15, 2014, Defendant, E Peter Healey replied to such motion[8] and hearing was set upon such motion for default for November 25, 2015.[9] On November 20, 2014 Appellant filed his sworn Special Appearance[10] asserting his residence in Missouri with the absence of long arm jurisdiction. No reply or contest to Appellant's Special Appearance was filed.[11]

Notwithstanding Appellant's Special Appearance or the pending setting for hearing on the Motion For Default Judgment, the trial court signed a Default Judgment against Appellant on November 25, 2014.[12]

---

[5] Plaintiff's First Amended Petition, C.R. pg. 247.
[6] Order on Defendant E. Peter Healey's Motion To Transfer Venue, C.R. pg 9.
[7] Plaintiff's Motion For Default Judgment against Defendant Mark J. Healey, C.R. pg. 374 and Appendix pg. 19.
[8] E. Peter Healey's Response to Plaintiff's Motion For Default Judgment Against Defendant Mark J. Healey, C.R. pg. 379.
[9] Docket Sheet , Appendix pg. 40.
[10] Special Appearance By Mark J. Healey, C.R. pg. 384 and Appendix pg. 24.
[11] Docket Sheet, Appendix pg. 40 and R.R. pg. 6, line 16 to 18, Appendix pg. 36.
[12] Default Judgment, C.R. pg.386, Appendix pg. 26.

On December 18, 2014, Appellant filed his sworn Motion For New Trial specifically pointing out to the Trial Court, that his Special Appearance was filed prior to the Default Judgment and the specific provisions of Rule 120a.[13] Hearing was held on such motion and the Special Appearance and provisions of Rule 120a (Appendix pg. 17) were pointed out, yet the Trial Court refused to correct its error and denied relief.[14]

Thereafter, on January 27, 2015, without written motion, hearing, or notice, the Trial Court severed the claims against Appellant.[15]

Appellant appeals from the Trial Courts error in failing to consider Appellant's Special Appearance prior to ruling upon any other matter, granting default judgment, denying motion for new trial and severing this cause.

---

[13] Mark Healey's Motion For New Trial, C. R. pg. 390, Appendix pg. 28.
[14] Order Denying Defendant Mark J. Healey's Motion For New Trial, C.R. pg. 433 and R.R pg. 6 line 23 to pg. 7 line 11.
[15] Order of Severance, Clerk's Record pg. 436, Docket Sheet Appendix pg. 38.
The Order designates the severed cause as No. 2013C-0638-A but the Clerk's Records uses the primary cause No.2014C-0618.

## SUMMARY OF ARGUMENT

Texas Rule of Civil Procedure 120a clearly provides in Section 2 that a Special Appearance shall be heard and determined before any other matter. In this case, Appellant's Special Appearance was filed five (5) days before the Default Judgment was granted. The failure of the Court to consider and rule on Appellant's Special Appearance, before granting a Default Judgment was error.

The Motion For Default Judgment had been set for hearing on November 25, 2014, and no reply or contest of the Special Appearance was filed and without hearing or notice the Court granted Default Judgment. This could be contributed to oversight or a demanding docket. However, the error was specifically printed out to the Trial Court by Appellant's Motion For New Trial and upon hearing thereon. The Trial Court's failure to correct these errors was an abuse of discretion.

The claim asserted against the Appellant on which default judgment was sought, was of a joint and severally liability of Appellant and his brothers, E. Peter Healey and Paul Healey for money had and received, and severance was an abuse of discretion.

**ARGUMENT AND AUTHORITY RE:**
**ISSUES I, 2 and 3**

**Issue 1**: **The Trial Court erred by failing to consider and rule upon Appellants Special Appearance before granting Default Judgment against Appellant.**

**Issue 2:** **The Trial Court erred in granting Default Judgment against Appellant.**

**Issue 3:** **The Trial Court erred in failing to grant a new trial, to correct its errors.**

Appellant filed his Special Appearance November 20, 2014[16], yet the Trial Court granted Default Judgment against him November 25, 2014 without hearing or consideration of the Special Appearance[17].

Rule 120a in part 2 provides:

> 2. Any motion to challenge the jurisdiction provided for herein shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard…(Appendix pg. 17)

Rule 120a is specific in its terms and it is well recognized that strict compliance is required with such rule, *Abramowitz v. Miller* 649 S.W.2d 339 (Tex.App.-Tyler 1983, no hist.). Under established rules, the burden is on

---

[16] Special Appearance By Mark J. Healey, C.R. pg. 384, Appendix pg. 24.
[17] Default Judgment Against Mark J. Healey, C.R. pg. 386, Appendix pg. 26 and R.R. pg 6 line 23 to pg 7 line 5, Appendix pg. 38.

the Appellant to prove the absence of jurisdiction. *Martinez v. Valencia* 824 S.W. 2d 719 (Tex.-App. El Paso 1992 re hearing denied). There was no reply or response to Appellant's Motion or Special Appearance.[18] Appellant's Special Appearance was duly sworn[19] and was prima facie proof of the court's lack of jurisdiction, *Martinez v. Valencia*, 824 S.W. 2d 719 (Tex.App.-Hou [14th Dist.] 1979, re: hearing denied).

E-filing was a new procedure at the time with difficulties for both the bench and the bar. Appellant's Special Appearance was filed November 20, 2014[20], only five (5) days prior to the Default Judgment being signed[21] and two (2) days of such days were an intervening weekend. However, the fact of the filing of the Appellant's Special Appearance prior to the Default Judgment was clearly pointed out to the Trial Court in the Appellant's Motion For New Trial and the hearing thereon.[22] No reply[23] or evidence was offered to controvert Appellant's sworn Special Appearance and no defect therein pointed out[24]. Clearly, it is an abuse of discretion for the Trial Court not to follow and correctly apply the law and such principle applies to

---

[18] Docket Sheet, Appendix pg. 40 and R.R. pg 6 line 16 to 18, Appendix pg. 36.
[19] Special Appearance By Mark J. Healey, C.R. pg 324, Appendix pg. 24.
[20] *Id.*
[21] Default Judgment Against Mark J. Healey, C.R. pg 386, Appendix pg. 26 and R.R. pg 1 to 21.
[22] Special Appearance By Mark J. Healey, C.R. pg 384 and R.R. pg 6 line 22 to page 7 line 5, Appendix pg. 36.
[23] R.R. pg 6 line 16 to 18, Appendix pg. 36.
[24] R.R. pg 6 line 10 to page 23.

following Rules of Civil Procedure.  In re *Does 1-10,* 242 S.W. 3d 805 (Tex. App-Texarkana, 2007, no hist.).

Even if for the sake of argument, Appellant's Special Appearance was not proper or adequate, it was at least, an appearance and Appellant was entitled to notice before default.  It is fundamental that a Defendant who makes an appearance is entitled to notice of a trial setting as a matter of constitutional due process, *Wilson v. Wilson*, 132 S.W. 3d 533 (Tex. App.-Hou. [1st dist.] 2004 re: hearing denied), citing *Peralta Heights Med Ctr., Inc.*, 485 US 80 (1988) and *LBL Oil Co. v. Int'l Power Serv., Inc.*, 777 S.W. 2d 390 (Tex. 1989).  Appellant was give no notice[25]

The Trial Court's failure to observe the plain provisions of Rule 120a and granting default judgment without notice was an abuse of discretion as a failure to follow the law.

## ARGUMENT AND AUTHORITY
## ISSUE 4

**Issue 4:    The Trial Court erred in severing the cause of action against Appellant.**

The Trial Court's Order of Severance[26] of claims against Appellant was error in addition to violation in express provisions of Rule 120a.

---

[25] See Certificate of service to Plaintiff's Motion For Default Judgment Against Mark J. Healey, C.R. pg 374 at pg. 376 and R.R. pg 6 line 23 to pg 7 line 5, Appendix pg. 36.
[26] Order of Severance, C.R. pg 434, Appendix pg. 38.

It is well established that severance is improper against multiple Defendants when the injury is indivisible, *Landers v. East Tex. Salt Water Disposal Co.* 248 SW2d 731 (Tex. 1952). In the case at bar, Plaintiff's Motion for Default was based only on its claim of money had and received asserted jointly against E. Peter Healey, Paul C. Healey and Mark J. Healey.[27] Plaintiff's pleading, in connection with the claim of money had and received states:

> Paul Healey, Mark Healey and Peter Healey are improperly holding at least $186,620.99 in a joint account. That money belongs to Plaintiff in equity and good conscious. Despite demands, Paul, Mark, and Peter Healey have failed and refused to return the funds, resulting in at least $186,620.99 in actual damages incurred by Plaintiff, plus interest.[28]

Clearly, Plaintiff asserted a joint liability and severance was inappropriate. There is no provision in the default judgment for credit for funds from Paul Healey or Peter Healey, voluntarily or pursuant to judgment[29]. There is no means to avoid double recovery. A risk of inconsistent results was obviously created. Again, notwithstanding the provisions of Rule 120a, the Trial Courts failure to follow the law regarding severance was an abuse of discretion.

---

[27] Plaintiff's Motion For Default, Judgment Against Mark J. Healey, C.R. pg 374, Appendix pg. 19.
[28] Plaintiff's 1st Amended Petition at pg 5 paragraph 21, C.R. pg. 247.
**[29]** Default Judgment Against Mark J. Healey, C.R. pg 386, Appendix pg. 26.

**PRAYER**

WHEREFORE, Appellant prays that the Default Judgment against him, the Order of Severance of the cause of action against him and all orders subsequent to the filing of his Special Appearance be reversed and this matter be remanded for consideration and ruling on Appellant's Special Appearance and thereafter a new trial and for such other and further relief to which he is justly entitled.

Respectfully submitted,

STARK & GROOM, LLP

/s/ *Steve Stark*
Steve Stark
State Bar No. 19066000
110 East Corsicana Street
Athens, Texas 75751
Phone: (903) 675-5691
Fax:    (903) 675-6454
Email: stevestark@starkandgroom.com
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE and
## CERTIFCATE OF SERVICE

This certifies that the undersigned has reviewed this Brief of Appellant and concluded that every factual statement in it is supported by competent evidence included in the Appendix, and that the documents included in the Appellant's Appendix are true and correct copies of the original papers and that this document is in Times New Roman 14, contains 1,982 words, as indicated by the word count function of the computer program used to prepare it, excluding the caption, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of all issues presented, statement of procedural history or facts, signature, proof of service, certification, certificate of compliance, and appendix and I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing Brief of Appellant and corresponding Appendix was duly served by email this the 20th day of August, 2015 as follows:

Koy R. Killen                      Via email:kkillen@lovelacekillen.com
Lovelace Killen P.L.L.C.
104 South Main Street
Burleson, Texas  76028

/s/ *Steve Stark*_____
Steve Stark
Attorney for Appellant